May Term,
1852.

CONKLIN *v.* SMITH.

CONKLIN
v.
SMITH.

Money due to the plaintiff, and improperly received by the defendant, cannot be recovered in an action for money paid.

Money paid to the defendant under a mistake of facts, cannot be recovered under a count for money paid. The proper form of action is for money had and received.

To sustain a count for money paid, there must have been a payment of money by the plaintiff *to a third party*, at the request of the defendant, express or implied, on a promise, express or implied, to repay the amount.

*Monday,*
*May 24.*

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—*Smith* brought an action of assumpsit against *Conklin*. The declaration contains but one count, and that is a general one for money paid, laid out, and expended.

Pleas, the general issue, a set-off, and the statute of limitations. Replications to the last two pleas, and issues.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

There was evidence tending to prove that certain rent due to. *Smith*, the plaintiff, from a tenant who had occupied certain real estate of *Smith's*, had been improperly received from the tenant by *Conklin*, the defendant. But if it be admitted that *Smith* has a legal claim against *Conklin* for the money received by *Conklin*, it cannot be recovered in this action for money paid. The proper form of action in such case would be for money had and received.

The plaintiff contends that there is evidence tending to show that he paid money to the defendant under a mistake of facts. But if there is such evidence, it only tends to show the plaintiff's right to recover under a count for money had and received—not for money paid.

To sustain a count for money paid, laid out, and expended, there must have been a payment of money by the plaintiff *to a third party*, at the request of the defendant, express or implied, on a promise, express or implied, to repay the amount. 2 Saunders' Plead. and Evidence, 402.

May Term
1852.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with leave to the plaintiff to amend his declaration.

*J. Rariden* and *S. W. Parker*, for the plaintiff.

*J. S. Newman*, for the defendant.